**J.D. McGEE, Jr.**

v.

**EXXON COMPANY, U.S.A., Employee's Federation of Exxon Company, U.S.A., Joseph I. Giarusso Consultants, Inc.**

**Civ. A. No. G–85–305.**

United States District Court,
S.D. Texas,
Galveston Division.

Oct. 24, 1986.

Gerson D. Bloom, Galveston, Tex., for plaintiff.

John F. Tully and Marvin B. Peterson, Houston, Tex., John Eckel, Galveston, Tex., and H. Martin Hunley, Jr., New Orleans, La., for defendants.

## ORDER

HUGH GIBSON, District Judge.

Defendants, Exxon Company U.S.A. (Exxon) and Employees' Federation of Exxon Company U.S.A. (Federation), move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff, J.D. McGee, Jr., complains of his dismissal from work at the Exxon Clear Lake gas plant on April 10, 1985 for having drug paraphernalia (a burnt bobbie pin), a one-half inch (½″) hand-rolled marijuana cigarette and a twelve (12) ounce can of beer in his personal automobile while it was parked at the Clear Lake facility. McGee alleges that he was wrongfully discharged by Exxon and that the Federation violated its duty of fair representation implied under the Labor Management Relations Act of 1947.[1] 29 U.S.C. §§ 141–187.

---

1. Although plaintiff's complaint is not entirely clear as to what the basis for suit against Exxon is, it appears plaintiff is alleging that Exxon violated the Collective Bargaining Agreement

■ An individual employee can sue an employer for violating a collective bargaining agreement; here, the alleged violation being wrongful discharge. *Smith v. Evening News Association*, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962) (§ 301 of the Labor Management Relations Act of 1947 extended to suits brought by individual employees). Before suit is brought, however, the employee must, in most circumstances, exhaust the grievance and arbitration procedures provided for in the collective bargaining agreement. *Republic Steel Corporation v. Maddox*, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). The employee is bound by the outcome of the grievance or arbitration proceeding unless the union representing the employee acts in such a discriminatory, dishonest, arbitrary or perfunctory manner as to breach its duty of fair representation implied under the Labor Management Relations Act. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).

■ Under the collective bargaining agreement between Exxon and the Federation, failure by the employee or the Federation to protest *in writing* within seven (7) days after an employee is terminated causes the termination to become final. In the case before the court, neither McGee nor the Federation filed a written protest with Exxon within the prescribed period of time. Although plaintiff spoke to Federation representatives within seven days after his termination, he failed to indicate to Federation representatives a desire to file a grievance. (Affidavits of Herb Bishop, Florencio Barrera and Terry Edwards-Federation Representatives). Eventually, plaintiff did mail letters to Federation Representative seeking to have a grievance filed.

Those letters, however, arrived after the expiration of seven days from the date of plaintiff's termination. Since McGee failed to protest in writing on his own initiative and, additionally, failed to seek Federation help in filing a written grievance within the seven day time limit, McGee is bound by the outcome of the grievance proceeding, or, more accurately, non-proceeding, unless the actions of the Federation were arbitrary, discriminatory, or dishonest. One can hardly characterize the actions of the Federation, through its representatives, as arbitrary, discriminatory or dishonest in view of previous Fifth Circuit decisions.

In *Tedford v. Peabody Coal Company*, 533 F.2d 952 (5th Cir.1976), the Court held that an action by a union is not arbitrary if it is "(1) based upon relevant, permissible union factors which excludes [sic] the possibility of it being based upon motivations such as personal animosity or political favoritism; (2) a rational result of the consideration of those factors; and (3) inclusive of a fair and impartial consideration of the interests of all employees." *Seymour v. Olin Corp.*, 666 F.2d at 208 (quoting *Tedford v. Peabody Coal Company*, 533 F.2d at 957). Applying the above test to the facts in the case before this Court, plaintiff's negligence, not the Federation's arbitrary actions, caused the delay in the attempted filing of McGee's grievance. Plaintiff's own attorney admits that McGee's actions in regard to the filing of a grievance were "misdirected." Defendants' Exhibit No. 7 in support of their motion for summary judgment.[2] Plaintiff himself states that he filed "about three" previous grievances with Exxon and that he was "familiar with going through ... Federation reps to file [his] grievances." Deposition of J.D. McGee, Jr., Volume I at pp. 55–57. Additionally, plaintiff states he

---

between Exxon and the Federation by firing McGee in violation of the terms of the Agreement. Paragraph I, IV and IX of "Plaintiff's Original Complaint;" *see Bowen v. USPS*, 459 U.S. 212, 214–216, 103 S.Ct. 588, 590–91, 74 L.Ed.2d 402 (1983); *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 562, 96 S.Ct. 1048, 1055, 47 L.Ed.2d 231 (1976); *Seymour v. Olin Corp.*, 666 F.2d 202 (5th Cir.1982).

2. Exhibit No. 7 is competent summary judgment evidence in that it is considered an "admission[s] on file" under Rule 56(c). *See* C. WRIGHT, A. MILLER AND M. KANE, 10A FEDERAL PRACTICE AND PROCEDURE § 2723 (2d ed. 1983).

had a copy of the collective bargaining agreement but lost it. *Id.* Furthermore, plaintiff concedes he could have obtained a copy of the collective bargaining agreement at the Clear Lake facility if he so wished. *Id.* From the above, it is clear that plaintiff was familiar with the procedures to be followed when a grievance was to be filed or, at the very least, had access to materials to gain familiarity with the grievance procedures. McGee's inaction, or, i.e., misdirected action, was the cause of his failure to file a written grievance within the prescribed period of time, not the Federation's alleged arbitrary actions.

■ Even if a grievance had been filed on time, thus avoiding the finality of the termination, and, most likely, the question of whether the Federation breached its implied duty of fair representation, McGee's release from employment was clearly within the realm of the collective bargaining agreement and public policy. In Article XVI of the collective bargaining agreement, Exxon reserved the right to discharge an employee for the *"possession* or use of alcohol or illegal drugs on Company time or Company property." (Emphasis added). The Fifth Circuit, in *Misco, Inc. v. United Paperworkers International Union,* 768 F.2d 739, 743 (5th Cir.1985), found that Company rules which forbid illegal drugs on Company grounds support public policy prohibiting operation of dangerous machinery, here, an entire gas plant, by persons under the influence of drugs or alcohol. Plaintiff's discharge, under the circumstances in this case, cannot, therefore, be deemed wrongful.

Plaintiff asserts, in his pleading, that he signed a copy of the Division Search Policy, signifying acknowledgement that he had read such policy, on August 8, 1984 under "duress and coercion because failure to do so subjected Plaintiff to termination." Under *Fontenot,* the bare allegations of notice pleadings will not defeat a summary judgment motion where such allegations are not supported by competent summary judgment evidence. *Fontenot v. Upjohn Co.,*

780 F.2d 1190 (5th Cir.1986). "To permit the pleadings themselves to carry a case to trial when they rest only on the invention of counsel would permit ultimate circumvention of Federal Rule of Civil Procedure 11." *Id.* at 1196; *cf. Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Professional Managers, Inc., et al. v. Fawer, et al.,* 799 F.2d 218, 220 (5th Cir.1986). Plaintiff fails to offer competent evidence controverting defendants' position that failure to sign the Search Policy would *not* be grounds for discipline. Defendants, however, do offer summary judgment evidence to support their position.[3] *See* Defendants' Exhibit No. 2 in support of their motion for summary judgment. In fact, plaintiff fails to offer any evidence, other than his pleadings, which tends to establish the existence of a genuine issue of material fact. Additionally, plaintiff fails to offer any viable legal arguments as to why defendants are not entitled to a judgment as a matter of law. Exxon has established by competent summary judgment evidence that plaintiff was not wrongfully discharged. The Federation, likewise, has established that it did not breach its duty of fair representation to plaintiff by arbitrary, discriminatory or dishonest actions.

It is, therefore, ORDERED, ADJUDGED and DECREED that defendants' motion for summary judgment be GRANTED.

---

**3.** *Fontenot* does not, however, require the movant to offer contrary evidence to the non-movants conclusory allegations contained within pleadings. *Fontenot,* 780 F.2d at 1196.